In the Matter of BERTRAM L. TAYLOR, Petitioner, against BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE, Respondent.

Supreme Court, Special Term, Westchester County, February 5, 1945.

*A. Mark Levien* for petitioner.

*Aaron Simmons, Corporation Counsel,* for respondent.

HINKLEY, J. Petitioner seeks relief under article 78 of the Civil Practice Act. There is sóme question as to the right of the court to receive the affidavit of one Herbert C. Clish, Superintendent of Schools of the City of New Rochelle. Strict reading of section 1291 of the Civil Practice Act would seem to require that affidavits supplementing the return must be served, with the return, and then only to show such evidentiary facts as shall entitle the respondent to a trial of an issue or issues of facts. The affidavit was not served with the answer or return but later and counsel concede that there is no issue of fact. However, in view of the importance of this litigation the court prefers to take into consideration all of the facts as presented.

That the respondent is required to place the name of the petitioner upon a preferred eligible list of candidates for appointment to a vacancy that may hereafter occur in an office or position similar to the one which he has filled, is a mandate of the statute. (Education Law, § 881, subd. 3.)

Petitioner until the abolition of his office by the respondent, was supervising principal of the Columbus Junior High School. By reason of the promotion by respondent of the others who were similarly situated but were senior to petitioner, the latter is the only candidate. There is at the present time no vacancy in the office of principal in any secondary school. But in the fall school term of this year the principal of the New Rochelle High School will be compelled to retire by reason of the compulsory age retirement. Plaintiff seeks a declaratory judicial construction of the above-quoted section of the Education Law to the effect that the office of principal of the New Rochelle High School and of every other secondary school in the New Rochelle school system are similar to that of supervising principal of Columbus Junior High School which latter position was abolished by respondent while petitioner was its incumbent.

The Legislature in the enactment of the section of the Education Law above quoted foresaw the obvious fact that if any position were abolished there would ordinarily be no identical position in existence or the office or position would not have been abolished. The interpretation of the word " similar " as used in the statute and its meaning as applied to the undisputed facts of this case are for the court. A broad interpretation is demanded if for no other reason than the advancement of public service in the administration of public schools. The two offices

or positions are defined in the same grade as secondary schools. (The State Education Department, University of the State of New York; Certificates for Administrative and Supervisory Service; Policies, Rules and Regulations as amended July 1, 1944; Principals' Certificates; " § 116. *Definitions.* As used in this article: * * * 22. ' Secondary school ' means a school of academic grade between the elementary grades and the college or university. Secondary schools shall be graded as junior high schools * * * middle high schools * * * high schools * * * industrial high schools * * * technical high schools ".)

The fundamental essential characteristics of the offices or positions are alike. The titles are almost identical. Each calls for executive ability. The incumbent of each is primarily a principal and incidentally a teacher. The principal, although an executive, still remains a teacher as the judge of a court remains a lawyer. The qualities which go to make up a principal are inherent in the teacher. To properly supervise others one must understand and in the event of an emergency be ready to perform the duties of the subordinate. To penalize the superior for performing extracurricular duties of an inferior nature would as an example be most harmful and at the same time unjust to the individual. Human nature in public service is no different than in private enterprise. Deprived of the hope of advancement officers and employees are prone to become drones and watchers of the clock. Surely the more advanced positions are not dissimilar by reason of the fact that they open up larger fields, requiring more study, greater knowledge, a higher degree of skill, longer hours or increased financial return. It follows that the office of principal of the New Rochelle High School and that of any other secondary school in the school system of respondent is, within the meaning of the statute, similar to that of supervising principal of the Columbus Junior High School.

The question whether petitioner alone shall be appointed to a similar position in the event of a vacancy or that respondent shall be permitted to seek talent in domestic or foreign fields is most important to the school system of respondent. But adequate protection to the respondent is implicit in the statute [Education Law, § 881, subd. 3] itself which provides definitely that the appointment shall be made only in the event that the record of such person has been one of faithful, competent service in the office or position he has filled. The undisputed educational background, steady advancement and faithful, competent serv-

ice, qualify petitioner for appointment to the office or position of principal of the New Rochelle High School or any other secondary school in the school system of respondent.

Order may be entered granting petitioner the relief, which he asks in his petition, with costs in the amount of $50 and disbursements.