Van Voorhis, J. (dissenting).
It has been found as a fact by the trial court, affirmed by the Appellate Division, that the positions of junior high school principal and the principalship of the senior high school in the City of Beacon are not similar *654 so as to entitle the appellant to tenure and to be placed upon a preferred eligible list of candidates for appointment as- principal of the senior high school (Education Law, § 2510, subds. 2, 3). In that respect the case differs from Matter of Taylor v. Board of Educ. (184 Misc. 210, mod. 269 App. Div. 905, affd. 295 N. Y. 882) where the finding of fact, based on the circumstances of that case, was that the two positions were similar. The decision about to be made on the present appeal ignores this divergence from the Taylor case arising from opposite findings of fact concerning the similarity of the two positions, and holds as matter of law that all junior high school positions are similar to senior high school positions insofar as the prinT cipalship is concerned. Indeed, it goes even farther than that, because appellant acquired his tenure in the field of elementary education, since the junior high school over which he presided was devoted chiefly to elementary grades rather than to secondary school students (Education Law, § 2, subd. 7; Matter of Feldbauer [Board of Educ. of City of Yonkers], 65 N. Y. St. Dept. Rep. 68, 69). It was not until Matter of Trani (Board of Educ. of Cent. School Dist. No. 1) (1 Ed. Dept. Rep. 184) that the Commissioner of Education changed the tenure classifications of elementary versus secondary schools by adding a third tenure area consisting of junior high schools. This junior high school was' carved out of the elementary area more than that of the secondary high school and for that reason, under the order appealed from, appellant has been accorded tenure both as junior high school principal and as elementary school principal. Junior high schools have comprised at some times more than at others elementary or secondary education. They are not all alike, and it seems to be not more in accord with the realities to hold that the work of senior high school principals is similar to that' of junior high or elementary school principals than it would be to regard teaching in these different fields as being the same. The court held otherwise in regard to teachers in Matter of Becker v. Board of Educ. (9 N Y 2d 111). It will not do to say that a school principalship involves administrative as contrasted with professional work, and that consequently it makes no difference, whether' a principal administers an elementary school, a. junior high school or a senior high school. In each instance it is necessary that the principal shall understand and be in touch with the kind of education which is being *655 provided at the level which he supervises. An elementary school principal is called upon to supervise elementary school teachers and a junior or senior high school principal supervises teachers in those fields. To hold that, neither a board of education nor the Commissioner of Education has power to distinguish between them insofar as concerns establishment of tenure areas or similarity of the positions implies a rigidity in the administration of the department which, as it seems to me, was not contemplated by the statute, by the Commissioner or by prior decisions in the courts. Not all elementary, junior high school or senior high school prinei'palships call for the performance of similar duties, although some of them may do so. It is too sweeping a pronouncement to lay down a rule of law that they are all, everywhere in the State, virtually the same.
The circumstance that appellant was originally certified as qualified to hold a secondary school principalship does not mean that he has achieved tenure in the entire area for which his qualifications initially were certified, since tenure covers a narrower area and refers not to the entire field in which an incumbent has been certified in advance as being subject to appointment but, instead, to the kind of work which he has actually performed during the • requisite number of years. No reason exists for applying different standards of judgment to what constitutes tenure under subdivision 2 of section 2510 of the Education Law from those employed in deciding whether the work performed in the two positions is “ similar ” under subdivision 3;
For these reasons, which are stated accurately and more at length in the majority opinion of the Appellate Division, the order appealed from should be affirmed.
Order reversed, etc.